No. 29,107.

J. A. ELLIOTT, *Appellant*, v. R. G. ALDRIDGE et al., *Appellees*.

(289 Pac. 401.)

Opinion filed July 5, 1930.

Burt Comer and Harold H. Malone, both of Wichita, for the appellant.

W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs, all of Wichita, and W. N. Calkins, of El Dorado, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injuries to person and property occasioned by negligence of defendants. The verdict and judgment were for defendants, and plaintiff appeals.

The cause of action arose out of the automobile accident considered in the case of *Billings v. Aldridge*, 129 Kan. 772, 284 Pac. 404. In that case Billings was a passenger. In this case plaintiff was the driver of the automobile and responsible for the manner in which it was operated. While the testimony in this case differed in some respects from the testimony in the Billings case, the essential features were the same, and the general description, in the opinion in the Billings case, of the place of accident and manner in which it occurred need not be repeated here.

Plaintiff complains because requested instructions were not given. Two of them related to the subject of wantonness. The court sufficiently instructed the jury on that subject, and the jury properly found defendants not guilty of wantonness. The accident occurred in the nighttime, and plaintiff's requested instruction relating to privilege to drive at forty miles per hour, on the assumption the road was in reasonably safe condition, was properly refused because it left out of account the subject of regulating speed according to ability to see. Besides that, in view of the special findings of the jury, it is not now important what plaintiff might have assumed respecting condition of the road.

Plaintiff complains of instructions which the court gave. Contributory negligence was not overemphasized. If it be conceded there was no occasion for the instruction relating to remote and intervening cause, plaintiff does not indicate that the instruction harmed him. There was testimony that, with wheels locked by four-wheel brakes, the automobile skidded approximately ninety-six feet before it went into the ditch. In view of this testimony, and testimony relating to the wrecked condition of the automobile, it was proper for the court to instruct the jury on the subject of regulating speed according to ability to see. Some minor criticisms of the instructions need not be discussed.

Plaintiff complains of instructions defining the duties of defendants. The instructions were correct, but they are no longer material, because the jury found specifically that plaintiff was guilty of contributory negligence.

The court gave the instructions considered in the Billings case relating to speed at intersections, and submitted to the jury special questions in which speed when crossing the intersection was referred to. Plaintiff contends the instruction and the special questions confused the jury and the decision in the Billings case should be applied. The contention is unsound, because the special findings of the jury show the matter of speed at the intersection was ignored and the verdict was based on other grounds. The controlling special findings follow:

"2. At what distance west of the ditch in question could the light from the lantern be seen at the time of the accident by one traveling east upon the highway? A. Three hundred feet.

"4. At what distance west of the ditch in question could the trees or brush across the road be seen by one approaching from the west? A. One hundred yards.

"5. Could the car in which plaintiff was riding have been stopped as it approached the ditch in question without going into the ditch after the brush or trees came into the range of the headlights of the car? A. Yes.

"10. Do you find that the plaintiff was guilty of contributory negligence? A. Yes.

"11. If you answer the last question 'yes,' then state what acts constituted such contributory negligence. A. Failure to bring his car under control when he saw obstruction in the road.

"12. Could the car in which plaintiff was riding have been stopped as it approached the ditch in question, without going into the ditch, after the light from the lantern came into the range of vision of the headlights of the car? A. Yes."

Contention that the subject of contributory negligence ought not to have been submitted to the jury, that special findings were contrary to law and evidence and the findings were the result of passion and prejudice is without merit.

Plaintiff stresses the fact he was privileged to assume the highway was not negligently obstructed. Granted. But he was not privileged to act on the assumption in the face of formidable physical obstruction. There was evidence the trees constituted a barrier plainly visible, and the lantern was in such a position and gave such light that the light could be plainly seen. Plaintiff testified he was driving at the rate of thirty-five miles per hour, and saw the obstruction when he was one hundred yards from it, but did not slow down until he was within twenty feet of it. The findings that he could have stopped without going into the ditch after the brush and lantern became visible were abundantly sustained by evidence, and the finding of contributory negligence was inevitable.

The judgment of the district court is affirmed.